| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS BEAUMONT DIVISION |

| | | |
|---|---|---|
| DESTINY TURNER, | § § § § § § § § § § § § | |
| *Plaintiff(s)*, | | |
| v. | | No. _____ |
| CITY OF ORANGE, | | Jury |
| *Defendant(s)*. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Destiny Turner (referred to as "Plaintiff" or "Ms. Turner") brings this action against Defendant City of Orange (referred to as "Orange PD") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, ("Title VII") and Texas Labor Code, §§ 21.051 and 21.055 ("Tex. Labor Code") to recover back pay, front pay, compensatory damages, exemplary damages, attorney's fees, plus interest and costs.

### I. Nature of Suit

1. Turner's claims arise under Title VII and Texas Labor Code.

2. Title VII was enacted to improve the economic and social conditions of minorities and women and to prohibit discrimination in employment on grounds of race, color, religion, sex, and national origin. *See*, 29 C.F.R. § 1608.1(b).

3. Orange PD violated Title VII and Texas Labor Code by discriminating against her based on her race (African American) and by retaliating against her for opposing unlawful employment practices and/or for making charges, testifying, assisting and/or participating in an investigation, proceeding, or hearing under Title VII and Texas Labor Code.

## II. Jurisdiction & Venue

4. This action arises under a federal statute, Title VII. 28 U.S.C. § 1331 (federal-question jurisdiction).

5. This Court has supplemental subject matter jurisdiction over claims, §§ 21.051 and 21.055, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. §1367

6. Venue is proper in this district and division because Turner resides in this district and division. 28 U.S.C. § 1391(b)(1).

## III. Parties

7. Turner is an individual who resides in Orange County, Texas and who was employed by City of Orange Police Department.

8. Defendant City of Orange is a Texas government agency that may be served with process by serving the mayor:

> Larry Spears, Jr.
> 812 N 16th St.
> Orange, Texas 77630

Alternatively, if the mayor of The City of Orange cannot with reasonable diligence be served with process at the address provided, he may be served wherever he is found. *See*, TEX. CIV. PRAC. & REM. CODE § 17.024(b).

9. An allegation that The City of Orange Police Department committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Orange PD or was done in the normal course and scope of employment of Orange PD's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

10. The City of Orange Police Department is a government agency responsible for emergency communication, traffic control, criminal investigation, and apprehension.

11. The City of Orange Police Department is engaged in and affects interstate commerce.

12. For each working day during each of twenty or more calendar weeks during each calendar year that Orange PD employed Turner (or in the calendar year preceding her employment), Orange PD had fifteen or more employees.

13. Orange PD does business in the territorial jurisdiction of this Court.

14. Turner, an African American female, was employed with Orange PD from approximately April 9, 2021 to November 16, 2021 at its location in Orange, Texas.

15. Lane Martin ("Chief"), Caucasian, is a Chief of Police at The City of Orange Police Department.

16. Sparky Robinson ("Major Sparky"), Caucasian, was the Orange PD's Major during the relevant times that Turner was employed with Orange PD.

17. Terri Cantano ("Terri"), Caucasian, was a records clerk during the relevant times that Plaintiff was employed with Orange PD.

18. During Ms. Turner's employment, Major Sparky, was her supervisor.

19. Terri had a habit of making racist jokes about people of color, including African Americans.

20. Further, she often let it be known that the Plaintiff was only hired because all of the white candidates failed the pre-employment drug screening.

21. Ms. Turner was constantly reminded that she was one of only three other African American employees.

22. Terri made it known that she was not fond of Plaintiff by constantly insulting her.

23. Terri's racial harassment towards Ms. Turner was frequent and offensive.

24. Mr. Turner verbally complained to her supervisor, Major Sparky, about Terri's discriminatory treatment.

25. Major Sparky's response was that he would handle the issue.

26. Major Sparky's way of handling Plaintiff's complaint was to relay it to the Chief Martin.

27. Unfortunately, Plaintiff's complaint of discrimination to Chief Martin vis-à-vis Major Sparky caused the discrimination and harassment to worsen.

28. Orange PD failed to conduct any type of investigation into Plaintiff's complaint of discrimination and failed to protect Plaintiff from her harasser, Terri.

29. To further her complaint of discrimination, Ms. Turner filed a grievance on Terri on July 1, 2021 in compliance with Orange PD's Policy.

30. In response to Plaintiff's grievance, Orange PD failed to follow its own Grievance Policy and did nothing.

31. The City of Orange Police Department's policy requires that all grievances be resolved within 5 days of filing (*Employee Performance Manual, Chapter VI Section 13 (Page VI- 26)*).

32. By October, Orange PD had not resolved Plaintiff's grievance that she filed against Ms. Terri.

33. Terri's harassment and racial insults continued.

34. On November 2, 2021, Ms. Turner tried to resolve things on her own with Terri by suggesting that they at least be cordial in the workplace, however, Terri responded with racist insults.

35. The City of Orange Police Department prohibits threatening, intimidating, coercing, or interfering with co-workers and/or supervisors (*City of Orange Police Department Employee Performance Manual, Chapter VI Section 3 (page VI- 5)*).

36. On November 2, 2021, Ms. Turner met with Major Sparky again to complain about Terri's most recent racially discriminatory and retaliatory behavior, including accusations of poor performance.

37. Contrary to Terri's view, Major Sparky responded by assuring Plaintiff that her work performance was in-fact satisfactory.

38. Fourteen days later, on November 16, 2021, Ms. Turner was terminated by Chief Lane Martin.

39. As a result of Orange PD's unlawful conduct, Turner has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## V. Count One—Race Discrimination and Hostile Work Environment in Violation of Title VII
(Turner)

40. Turner adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

41. An employer commits an unlawful employment practice if it "fail[s] or refuse[s] to hire or discharge[s] any individual, or otherwise … discriminate[s] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's … race[.]" 42 U.S.C. § 2000e-2(a)(1).

42. Orange PD, through its employees, including supervisors, subjected Turner to racial discrimination, including racially derogatory remarks.

43. Orange PD perpetuated and allowed a hostile work environment towards Turner.

44. As a result of Orange PD's unlawful conduct, Turner has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### VI. Count Two— Retaliation in Violation of Title VII
### (Turner)

45. Turner adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46. An employer commits an unlawful employment practice if it "discriminate[s] against any of his employees or applicants for employment … because he [or she] has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

47. Orange PD doubled down on its discriminatory treatment of Turner by terminating her imminently in retaliation for after her last complaint of discrimination and hostile work environment.

48. As a result of Orange PD's unlawful conduct, Turner has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### VII. Count Three —Racial Discrimination and Hostile Work Environment in Violation of Tex. Labor Code § 21.051
### (Turner)

49. Turner adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50. "An employer commits an unlawful employment practice if because of race[] … the employer[] … discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]" Tex. Labor Code § 21.051(1).

51. Orange PD, through its employees, including supervisors, subjected Turner to racial discrimination based upon her race, African American.

52. Orange PD perpetuated and allowed a discriminatory and hostile work environment towards Turner.

53. As a result of Orange PD's unlawful conduct, Turner has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits,

compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## VIII. Count Four—Retaliation in Violation of Tex. Labor Code § 21.055 (Turner)

54. Turner adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55. "An employer commits an unlawful employment practice if the employer[] … retaliates or discriminates against a person who[] … (1) makes or opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, participates in any manner in an investigation, proceeding, or hearing." Tex. Labor Code § 21.055.

56. Orange PD doubled down on its discriminatory treatment of Turner by terminating her imminently in retaliation for after her last complaint of discrimination and hostile work environment.

57. As a result of Orange PD's unlawful conduct, Turner has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## IX. Exemplary Damages

58. Turner adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

59. Orange PD engaged in the unlawful discrimination and retaliation described above with malice and with reckless indifference to Turner's rights.

60. Accordingly, Turner should be awarded exemplary damages against Orange PD in an amount appropriate to deter similar future misconduct.

## X. Attorney's Fees

61. Turner adopts by reference all the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

62. Turner is entitled to recover reasonable and necessary attorney's fees by statute. 42 U.S.C. § 2000e-5(k).

63. Turner has retained the professional services of the undersigned attorneys.

64. Turner has complied with the conditions precedent to recovering attorney's fees.

65. Turner has incurred or may incur attorney's fees in bringing this lawsuit.

66. The attorney's fees incurred or that may be incurred by Turner was or will be reasonable and necessary.

## XI. Jury Demand

67. Turner demands a trial by jury on all issues triable to a jury.

## XII. Administrative Prerequisites

68. On December 8, 2021, Turner filed a charge of discrimination with the Equal Employment Opportunity Commission.

69. On April 1, 2022, Turner received a notice of right to sue from the Equal Employment Opportunity Commission.

70. Turner brought this action within 90 days of receiving the notices of right to sue.

71. On December 8, 2021, Turner filed a charge of discrimination with the Texas Workforce Commission.

72. On May 17, 2022, Turner received a notice of the right to file a civil action from the Texas Workforce Commission.

73. Turner brought this action within 60 days of receiving the notices of the right to file a civil action.

74. Turner has exhausted all administrative prerequisites to bringing this action.

## XIII. Conditions Precedent

75. All conditions precedent to Turner's claims for relief have been performed or have occurred. *See*, Fed. R. Civ. P. 9(c).

## XIV. Relief Sought

76. Turner demands:

    a. direct or general damages;

    b. back pay, plus prejudgment interest as provided by law, from the date of any adverse employment action until the date of judgment;

    c. an award of the present value of front pay due to them for a reasonable period following the date of the judgment, calculated as of the date of judgment;

    d. additional compensatory damages in an amount within the jurisdiction of this court;

    e. exemplary damages against The City of Orange Police Department in a sum determined by the trier of fact;

    f. all prejudgment and post judgment interest allowed by law;

    g. attorney's fees;

    h. costs of court;

    i. all other relief to which Turner is entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: */s/ Melissa Moore*
Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Rochelle Owens
Tex. Bar No. 24048704
rochelle@mooreandassociates.net


**ATTORNEYS FOR PLAINTIFF**